

# NUMBER 13-15-00193-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

RICKY HERNANDEZ,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

---

### On appeal from the 377th District Court
### of Victoria County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justice Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Ricky Hernandez was convicted on two counts of aggravated sexual assault, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West, Westlaw through 2015 R.S.). The jury sentenced Hernandez to two life sentences, to run concurrently. This appeal followed.

Determining that there are no issues that might arguably support an appeal, counsel filed an *Anders* brief in which he reviewed the merits of the appeal. We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, Hernandez's court-appointed counsel filed a brief stating that, after diligent review of the record and applicable law, it was his professional opinion that the case presented no reversible error and that any appeal would be without merit and frivolous. *See* 386 U.S. 738, 744–45 (1967). Counsel explained the basis of his opinion by reference to the record facts, procedural history, and pertinent legal authority. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978). Counsel's explanation demonstrates due diligence and conscientious examination of the case. *See Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d at 407. Counsel's brief thus satisfies *Anders*'s requirement to render a "professional evaluation" demonstrating why there are no arguable grounds for advancing an appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *see also In re Schulman*, 252 S.W.3d at 407 n.9 ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.").

Pursuant to *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), counsel informed this Court in writing that he has: (1) notified Hernandez that counsel has filed an *Anders* brief and a motion to withdraw as his counsel and provided him with copies of his brief and motion; (2) informed him of his right to file a pro se response and

2

to review the record prior to filing that response; (3) informed Hernandez of his right to seek discretionary review if this Court concludes that the appeal is frivolous; and (4) provided Hernandez with a form motion for pro se access to the appellate record, with instructions to file the motion. Counsel also indicated that he provided Hernandez with a copy of the reporter's and clerk's records in this action.

Hernandez filed a motion seeking pro se access to the appellate record and a motion for extension of time to file a pro se response. We granted both. Hernandez's pro se response was due on March 7, 2016. An adequate time has passed, and Hernandez has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Pension v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's appellate brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has asked this Court to grant his motion to withdraw as counsel after conscientious examination of Hernandez's case. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("If an attorney believes

3

the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. *See Meza v. State,* 206 S.W.3d 684, 689 (Tex. Crim. App. 2006). Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Hernandez and to advise Hernandez of his right to pursue a petition for discretionary review.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of April, 2016.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date the last timely motion for rehearing or en banc reconsideration is overruled by this Court. TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *Id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* at R. 68.4; *In re Schulman*, 252 S.W.3d 403, 408 n.22 (Tex. Crim. App. 2008).